988 F.2d 119
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Yolanda Pelagia GUTIERREZ-GUTIERREZ, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 91-70319.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 1, 1993.*
Decided Feb. 23, 1993.
 
 Petition to Review a Decision of the Immigration and Naturalization Service, INS No. Ahf-gjg-ssk.
 BIA
 REMANDED.
 Before HUG, FERGUSON and O'SCANNLAIN, Circuit Judges.
 MEMORANDUM**
 Yolanda Pelagia Gutierrez-Gutierrez ("Gutierrez"), a native and citizen of Nicaragua, seeks asylum in the United States or, in the alternative, withholding of deportation. See 8 U.S.C. §§ 1158(a) & 1253(h). The immigration judge denied the relief requested by Gutierrez and the Board of Immigration Appeals ("BIA") dismissed her subsequent appeal.
 To support its conclusion that Gutierrez failed to establish a well-founded fear of persecution, the BIA took administrative notice of the change of government in Nicaragua in 1990. The noticed facts form the sole basis for the BIA's decision. In Castillo-Villagra v. INS, 972 F.2d 1017, 1029 (9th Cir.1992), we held that the BIA "erred in taking administrative notice of the change of government without providing the petitioners an opportunity to rebut the noticed facts." Accordingly, we remand for consideration in light of Castillo-Villagra.[1]
 REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a), Ninth Circuit R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit R. 36-3
 
 
 [1]
 Because the BIA's use of administrative notice justifies remand, we do not reach the issue whether the BIA's decision in this case runs afoul of this circuit's prohibition against the use of "boilerplate opinions." See Castillo v. INS, 951 F.2d 1117, 1121 (9th Cir.1991) (BIA decision must include "statements that evidence an individualized review of the petitioner's contentions and circumstances")